UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Case No.: 17-05815-5-SWH |
| CHRISTOPHER LEON BROWN and | ) | |
| TRACY MICHELLE BROWN, | ) | Chapter 7 |
| Debtors, | ) | |
| | ) | Adv. Pro. No.: 18-00053-5-SWH |
| HOLMES P. HARDEN, TRUSTEE, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| T&C FAMILY TRUST and MINISTER | ) | |
| TRACY MICHELLE BROWN in her | ) | |
| capacity as Trustee of the T&C Family | ) | |
| Trust, | ) | |
| Defendants. | ) | |

## MOTION FOR APPROVAL TO COMPROMISE AND SETTLE CLAIMS

NOW COMES Holmes P. Harden, Trustee, through counsel and pursuant to Bankruptcy Rule 9019, and moves this Court for an order granting him authority to compromise and settle certain claims of the Trustee and certain claims of the United States of America (United States) against the Debtors and Defendants herein.   In support of this Motion, the Trustee shows the Court:

1.    Holmes P. Harden is the duly appointed Trustee in this case.

2.    The above-captioned Complaint was filed by Trustee seeking the avoidance of fraudulent transfers pursuant to 11 USC §548(a).

3.    After negotiation, the Trustee, the United States, the Debtors and the Defendants herein have agreed that, subject to Court approval, they will settle the above-captioned adversary proceeding and various other claims affecting the estate according to the terms of the Settlement Agreement attached hereto as Exhibit A and incorporated herein by reference.

4.    The Trustee has analyzed the proposed settlement, taking into consideration such factors as the amount in controversy, the strengths and weaknesses of the claims of the Trustee and those of the United States affecting the estate and defenses, the information and evidence available to the Trustee to pursue his claim through trial, the collectability of a judgment for Trustee in the face of the United States' Notice of Intent to Enforce Judgment, the cost of litigation and the uncertainty of the outcome.

5.    The Trustee believes that the proposed settlement is in the best interest of the estate and its creditors and requests that the Court approve the settlement.

WHEREFORE, the Trustee prays for an order approving and authorizing the settlement and compromise of this adversary proceeding on the terms described above.

This the 27 day of March, 2019.

WILLIAMS MULLEN

BY:    /s/Holmes P. Harden
Holmes P. Harden
Attorney for Trustee
PO Box 1000
Raleigh, NC 27602
Telephone: (919) 981-4000

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Case No.: 17-05815-5-SWH |
| CHRISTOPHER LEON BROWN and | ) | |
| TRACY MICHELLE BROWN, | ) | Chapter 7 |
| Debtors, | ) | |
| | ) | Adv. Pro. No.: 18-00053-5-SWH |
| HOLMES P. HARDEN, TRUSTEE, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| T&C FAMILY TRUST and MINISTER | ) | |
| TRACY MICHELLE BROWN in her | ) | |
| capacity as Trustee of the T&C Family | ) | |
| Trust, | ) | |
| Defendants. | ) | |

## NOTICE OF MOTION FOR APPROVAL
## TO COMPROMISE AND SETTLE

TO:   THE DEBTOR, ATTORNEY FOR THE DEBTOR, AND OTHER PARTIES IN
INTEREST

NOTICE IS HEREBY GIVEN of the Trustee's Motion for Approval to Compromise and Settle Claims according to the Settlement Agreement attached hereto.  Trustee believes that the aforesaid settlement is fair and reasonable; and

FURTHER NOTICE IS HEREBY GIVEN that this motion may be allowed provided no response and request for a hearing is made by the debtor or other party in interest in writing to the Clerk of this Court, P.O. Box 791, Raleigh, NC 27602 within twenty one (21) days from the date of this notice; and

FURTHER NOTICE IS HEREBY GIVEN that if a response and a request for a hearing is filed by the debtor or other party in interest named herein in writing within the time indicated, a hearing will be conducted on the motion and response thereto at a date, time and place to be later set by this Court and all interested parties will be notified accordingly.  If no request for a hearing is timely filed, the Court may rule on the motion and response thereto ex parte without further notice.

38138830  1

DATE OF NOTICE: March 27, 2019.

WILLIAMS MULLEN

BY: */s/Holmes P. Harden*
Holmes P. Harden
Attorney for Trustee
Post Office Box 1000
Raleigh, NC   27602
Telephone:   919/981-4000

CERTIFICATE OF SERVICE

 I do hereby certify that the foregoing ***Notice of Motion and Motion for Approval to Compromise and Settle Claims*** was served upon all parties of record as indicated below either by electronic service via the CM/ECF system, electronic mail or by mailing a copy thereof at the addresses indicated below with the proper postage attached and deposited in an official depository under the exclusive care and custody of the United States Postal Service in Raleigh, North Carolina, on the **27** day of March, 2019.

WILLIAMS MULLEN

BY: ***/s/Holmes P. Harden***
Holmes P. Harden
Attorney for Trustee
Post Office Box 1000
Raleigh, NC   27602

***SERVED VIA CM/ECF:***

**W. Travis Barkley**
barkleylaw@gmail.com

***SERVED VIA ELECTRONIC MAIL:***

**Marjorie K. Lynch**
Bankruptcy Administrator's Office
Lesley_Cavenaugh@nceba.uscourts.gov
Karen_Cook@nceba.uscourts.gov

***SERVED VIA US POSTAL SERVICE:***

**Asia Prince**
U.S Attorney's Office
310 New Bern Avenue, Suite 800
Raleigh, NC 27601

**Christopher Leon Brown**
11803 Wake Bluff Drive
Raleigh, NC 27614

**T&C Family Trust**
3509 Haworth Drive
Suite 207
Raleigh, NC  27609

**James N. Jorgensen**
James N. Jorgensen, P.A.
Post Office Box 98506
Raleigh, North Carolina 27624-8506

**Tracy Michelle Brown**
11803 Wake Bluff Drive
Raleigh, NC 27614

***All Creditors on the attached Mailing Matrix***

38138830_1

Label Matrix for local noticing
0417-5
Case 17-05815-5-SWH
Eastern District of North Carolina
Raleigh
Wed Mar 27 13:48:25 EDT 2019

American Express Bank, FSB
c/o Becket and Lee LLP
PO Box 3001
Malvern, PA 19355-0701

PRA Receivables Management, LLC
PO Box 41021
Norfolk, VA 23541-1021

State Employees Credit Union
c/o Dataquick Lending Solutions
5300 Brandywine Parkway
Suite 100
Wilmington, DE 19803-1470

State Employees Credit Union
c/o James C. Blaine, Trustee
PO Drawer 25279
Raleigh, NC 27611-5279

State Employees Credit Union
c/o Phillip E. Greer, Trustee
12700 Spruce Tree Way
Raleigh, NC 27614-6923

Wake County Revenue Dept.
Attn: Manager/Agent
Post Office Box 2331, NC 27602-2331

U. S. Bankruptcy Court
300 Fayetteville Street, 4th Floor
P.O. Box 791
Raleigh, NC 27602-0791

5 3 Bank
2501 Blue Ridge Road
Raleigh, NC 27607-0159

53 Bank
2501 Blue Ridge Road
Raleigh, NC 27607-0159

AMX
p o box 650448
dallas, TX 75265-0448

CareCredit/Synchrony Bank
PO Box 960061
Orlando, FL 32896-0061

Coastal Federal credit union
1000 saint albans dr
raleigh, NC 27609-7347

DHHS
5605 six forks
raleigh, NC 27609-3811

East West Capital Partners, LLC
16 W Martin Street'
Suite 801
Raleigh, NC 27601-2968

Family Intervention & Prevention
211 Court Street
Louisburg, NC 27549-2503

Nelnet
P O Box 82561
Lincoln, NE 68501-2561

New Hope Auto
1426 Wilders Grove Ln
Raleigh, NC 27604-4704

Oliver and Cheek
405 Middle St
New Bern, NC 28560-4930

Parker and Poe
301 Fayettville
Raleigh, NC 27601-2172

Shackleford and Warren
343 S White St
Wake Forest, NC 27587-2916

Sprint Solutions
26000 Cannon Road
Cleveland, NC 44146-1807

State Employees' Credit Union
3101 Wake Forest Road
Raleigh, NC 27609-7845

TESCOR Support Services, LLC
601 W. Rosemary Street
Unit 1001
Chapel Hill, NC 27516-2356

Tanya V. Smith
5601 Pine Rock Court
Wake Forest, NC 27587-5582

US Department of Education co Nelnet
121 SOUTH 13TH STREET SUITE 201
LINCOLN, NE 68508-1911

Christopher Leon Brown
11803 Wake Bluff Drive
Raleigh, NC 27614-7606

Holmes P Harden
Williams Mullen
A Professional Corporation
P. O. Drawer 1000
Raleigh, NC 27602-1000

Tracy Michelle Brown
11803 Wake Bluff Drive
Raleigh, NC 27614-7606

W. Travis Barkley
Barkley Law Offices, P.C.
7413 Six Forks Road, #306
Raleigh, NC 27615-6164

**EXHIBIT**

**A**

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into among the United States of America ("United States"), acting through the United States Attorney for the Eastern District of North Carolina, Christopher Leon Brown ("Defendant"), Defendant's wife, Tracy Brown (in her individual capacity and her capacity as Minister and/or Trustee of the T&C Family Trust) ("Brown"), The T&C family Trust, T&C Transportation LLC ("T&C Transportation"), and Bankruptcy Trustee Holmes P. Harden ("Trustee")on behalf of the Bankruptcy Estate of Defendant and Brown in case No. 17-05815-5-SWH pending in the United States Bankruptcy Court of the Eastern District of North Carolina ("the Estate"), (collectively, "Parties").

1. A criminal judgment was entered against Defendant on March 20, 2018 (United States v. Christopher Leon Brown, Case No. 5:17CR00103-001FL (E.D.N.C.)). As part of the criminal judgment, Defendant was ordered to pay a special assessment of $100.00 and criminal restitution in the amount of $755,225.00. According to the records of the United States Attorney's Office, the total balance due on the judgment is $610,531.55 as of November 1, 2018. The United States on April 24, 2018 filed a Notice of Intent to Enforce Judgment in which they allege that the collect of criminal fines and restitution is exempt from the automatic stay, citing In

re Robinson, 764 F3d 554 (6th Cir. 2014) and In re Kirk, Bankr. E.D.N.C. 14-01532-5-RDD, DE #67.

2.    The United States and Trustee contend that they have certain civil claims against Defendant, Brown, and T&C Transportation under the Federal Debt Collection Procedures Act (28 U.S.C. § 3001, et seq.) ("FDCPA") and 11 U.S.C. § 548. The Trustee has sued T&C Family Trust and Minister Tracy Michelle brown in the United States Bankruptcy Court for the Eastern District of North Carolina in Adversary Proceeding No. 18-00053-5-SWH pursuant to 11 U.S.C. §548 ("Adversary Proceeding"). Specifically, the United States and Trustee contend (and Defendant Brown, and T&C Transportation deny) that Defendant, Brown, and T&C Transportation are liable for fraudulent conveyances of (1) the real property located at 11803 Wake Bluff Drive, Raleigh, NC 27614, (2) T&C Transportation to the T&C Family Trust, (3) leveraging Defendant's and Brown's Range Rover and Mercedes Benz to generate cash to purchase T&C Transportation, and (4) using $56,000 of Defendant's $70,000 personal inheritance to pay corporate debts and operating expenses of T&C Transportation.  The United States and Trustee believe that they are therefore entitled to relief under the FDCPA and federal Bankruptcy Code.  This conduct is referred to herein as the "Covered Conduct."

3.    This Agreement is made in compromise of disputed claims and the Adversary Proceeding.   This Agreement is neither an admission of liability by Defendant, Brown, and/or T&C Transportation, nor a concession by the United States or Trustee that their claims are not well founded.

4.    To avoid the delay, uncertainty, inconvenience, and expense of protracted litigation of the Covered Conduct, and in consideration of the mutual promises and obligations of this Agreement, the Parties agree to the Terms and Conditions below.

<u>TERMS AND CONDITIONS</u>

1.    Defendant and Brown agree to relinquish the 2014 Mercedes-Benz to its lienholder, Fifth Third Bank.   Fifty percent (50%) of any net proceeds received by Defendant or Brown from the relinquishment of the 2014 Mercedes-Benz, if any, will be paid to the United States and the remaining fifty percent (50%) will be paid to Trustee.   Defendant and Brown may keep and continue to use the 2014 Mercedes-Benz until December 31, 2018 or the date of their bankruptcy discharge, whichever comes earlier.   Defendant, Brown, and their servants, heirs, assigns, employees, attorneys, family members, and those persons in active concert or participation with them, agree not to take any action that would negatively affect the availability or value of the vehicle set forth in this paragraph, including but not limited to damaging, selling,

transferring, assigning, pledging, distributing, encumbering, wasting, secreting, or in any way dissipating the value of all or any part of their interest, direct or indirect, in the vehicle prior to the relinquishment. Any such action shall constitute a default under this Agreement, and the United States may pursue any and all remedies permitted by law, as described in paragraphs 12 and 13, below. All funds received by the United States pursuant to this paragraph shall be applied to the monetary penalties ordered in Defendant's aforementioned criminal judgment. All funds received by Trustee pursuant to this paragraph shall be applied as required by the federal Bankruptcy Code. No payments made pursuant to this paragraph will offset or be credited to any other obligations in this Agreement.

2.    T&C Transportation agrees to sell all of its assets within twelve months of the Effective Date of this Agreement. At least three business days before the sale of each asset, T&C Transportation shall provide the United States with a detailed description of the asset, the identity and contact information of the prospective purchaser, and the proposed sale price. T&C Transportation shall not sell the asset until the United States confirms it has no objection to the sale. After satisfying any priority liens on those assets (including any lien held by The Law Offices of Oliver & Cheek, PLLC arising from Wake County Superior

Court Case No. 17-CVS-7125), one hundred percent (100%) of the remaining net proceeds from the sale of T&C Transportation's assets will be provided to the United States along with a detailed accounting of the sale(s) within 30 days of the sale(s). The sale(s) must be made in good faith, for reasonable market value, and to a bona fide third-party purchaser. All funds received by the United States pursuant to this paragraph shall be applied to the monetary penalties ordered in Defendant's aforementioned criminal judgment. No payments made pursuant to this paragraph will offset or be credited to any other obligations in this Agreement.

3. Defendant, the T&C Family Trust, and Brown agree to the sale of real property located at 11803 Wake Bluff Drive, Raleigh, NC 27614 by Holmes P. Harden, Bankruptcy Trustee, pursuant to the Order Authorizing Sale of Property Free and Clear of Liens filed in In re: Christopher Leon Brown and Tracy Michelle Brown (EDNC 17-05815-5-SWH), which order is incorporated fully herein by reference. Prior to the closing of any sale of the property, the HUD-1 Settlement Statement indicating the terms of the sale shall be provided to the United States Attorney's Office, Financial Litigation Unit, 310 New Bern Avenue, Suite 800, Raleigh, North Carolina 27601, who must approve the HUD-1 Settlement Statement before the real estate closing can proceed. Provided that the

sale of the real property is to be conducted in good faith, at reasonable market value, and to a bona fide, third-party purchaser, the United States will not withhold consent to any such sale. Defendant and Brown will together receive twenty thousand dollars ($20,000.00) total from the net proceeds of the sale, after the payment of all liens of record that are senior to the United States' lien. After Defendant and Brown receive twenty thousand dollars ($20,000.00), fifty percent (50%) of the remaining net proceeds less of one-half of the Trustee's statutory commission and attorneys' fees payable at the final distribution to creditors of the estate will be paid to the United States, along with an accounting of the sale, and the other fifty percent (50%) of remaining net proceeds will be paid to Trustee for distribution to administrative, priority and unsecured creditors of the estate. Further, consistent with the Consent Order on Amended Objections to Exemption [D.E. 74] in the bankruptcy case No. 17-05815-5-SWH, Defendant an Brown will have no residential or homestead exemption in the real property. All funds received by the United States from the sale of the real property shall be applied to the monetary penalties ordered by Defendant's criminal judgment. All funds received by Trustee pursuant to this paragraph shall be applied as required by the Federal Bankruptcy Code. The United States will release any prospective buyer from the United States' lien on the

real property, provided that the sale is made in good faith, for reasonable market value, to a bona fide, third-party purchaser and that fifty percent (50%) of the net proceeds, after Defendant and Brown receive $20,000.00, from the sale are paid to the United States less one-half of the Trustee's statutory commission and attorneys' fees payable at the final distribution to creditors of the state.  No payments made pursuant to this paragraph will offset or be credited to any other obligations in this Agreement.

The Parties agree that Defendant and Brown shall continue to make payments on the real property located at 11803 Wake Bluff Drive, Raleigh, NC 27614 until it is sold.  Defendant and Brown shall be responsible for paying any taxes on the property, maintaining the property in good condition, and maintaining insurance on the property, until the sale of the property. Defendant, Brown, and their servants, heirs, assigns, employees, attorneys, family members, and those persons in active concert or participation with them, agree not to take any action that would negatively affect the availability or value of the real property set forth in this paragraph, including but not limited to damaging, selling, transferring, assigning, pledging, distributing, encumbering, wasting, secreting, or in any way dissipating the value of all or any part of their interest, direct or indirect, in the real property prior to the sale.  Any such action shall

constitute a default under this Agreement, and the United States may pursue any and all remedies permitted by law, as described in paragraphs 12 and 13, below.

4.    The Parties agree that Brown is jointly and severally liable with Defendant only for the total amount of $10,800.00, owed to the United States and for no other amount pursuant to this agreement.    Brown agrees to make monthly payments to the United States in the amount of $150.00, using bank-certified funds.    The first monthly payment shall be due on January 15, 2019 and the payments will continue to be due on the 15th day of each month thereafter until the total of $10,800.00 has been received by the United States.    There is no grace period for Brown's installment payments.    Brown's failure to make an installment payment, in the full amount required, on or before the 15th day of each month shall result in a default under this Agreement, and the United States may pursue any and all remedies permitted by law, as described in paragraphs 12 and 13, below.    The required monthly payment of $150.00 is a minimum payment and Brown may pay additional funds at any time, including payment in full at any time with no penalty. All funds received by the United States pursuant to this paragraph shall be applied to the monetary penalties ordered in Defendant's aforementioned criminal judgment.    No payments made pursuant to

this paragraph will offset or be credited to any other obligations in this Agreement.

5.   Defendant may, but shall not be required to, make any monthly installment payments during the first six months after his release from prison, other than those payments required by the Court's restitution order [D.E. 63, at 8]. Beginning on the seventh month and continuing through the twelfth month following his release, Defendant shall pay $800.00 per month. Beginning the thirteenth month after his release, and continuing each month thereafter, Defendant shall pay $1,200.00 per month until the judgment is paid in full. Defendant's monthly payments shall be made with bank-certified funds and paid on or before the 15th day of each month. There is no grace period for Defendant's installment payments. Defendant's failure to make an installment payment, in the full amount required, on or before the 15th day of each month shall result in a default under this Agreement, and the United States may pursue any and all remedies permitted by law, as described in paragraphs 12 and 13, below. All funds received by the United States pursuant to this paragraph shall be applied to the monetary penalties ordered in Defendant's aforementioned criminal judgment. No payments made pursuant to this paragraph will offset or be credited to any other obligations in this Agreement.

6.    The United States may request full disclosures related to Defendant's financial condition, and Defendant shall provide the requested information within 30 days of the request.   The United States agrees to not request financial disclosures more than once per year unless Defendant or Brown defaults on any terms of this Agreement, at which time Defendant and Brown agree to provide full financial disclosures pursuant to paragraph 12 of this Agreement. Upon assessment of the financial disclosures, the United States may determine that an adjustment (including an upward adjustment) to the payment schedule outlined in paragraph 5, above, is necessary and Defendant agrees to any reasonable modification of the payment schedule (including an upward adjustment) made by the United States.

7.    Defendant may request, and the United States shall provide, a current accounting of all payments applied to Defendant's criminal monetary penalties.   Defendant may request the accounting at any time by contacting the United States Attorney's Office Asset Recovery Unit at (919) 856-4530.   Absent a compelling reason, however, the United States is not required to provide the accounting more than twice per calendar year.

8.    All payments made to the United States pursuant to this Agreement shall be made payable to:

U. S. District Court

SETTLEMENT AGREEMENT BETWEEN UNITED STATES OF AMERICA,<br>
CHRISTOPHER LEON BROWN, TRACY BROWN, T&C TRANSPORTATION LLC,<br>
HOLMES P. HARDEN, AND T&C FAMILY TRUST.<br>
PAGE 10 of 20

and mailed to:

> P. O. Box 25670
> Raleigh, North Carolina 27611

The court number 5:17CR00103-001FL shall be included on each check to ensure funds are credited properly.

9.   Subject to the exceptions in paragraph 10 below (concerning excluded claims), and conditioned upon Bankruptcy Court approval of this settlement, Defendant's, Brown's, the T&C Family Trust's, and T&C Transportation's complete satisfaction of all obligations in this Agreement, the United States and Trustee release Defendant, Brown, T&C Transportation, and the T&C Family Trust from any civil monetary claim the United States and Trustee have for the Covered Conduct under the FDCPA and 11 U.S.C. § 548 and the Trustee has allege in the Adversary Proceeding.

10.   Notwithstanding the release given in paragraph 9 of this Agreement, or any other term of this Agreement, the following claims of the United States are specifically reserved and are not released:

> a.   Any liability arising under Title 26, U.S. Code (Internal Revenue Code);
>
> b.   Any criminal liability;

c.   Except as explicitly stated in this Agreement, any administrative liability, including the suspension and debarment rights of any federal agency;

d.   Any liability to the United States (or its agencies) for any conduct other than the Covered Conduct; and

e.   Any liability based upon obligations created by this Agreement.

11. Furthermore, Defendant, Brown, the T&C Family Trust and T&C Transportation waive and shall not assert any defenses they may have to any criminal prosecution or administrative action relating to the Covered Conduct that may be based in whole or in part on a contention that, under the Double Jeopardy Clause in the Fifth Amendment of the Constitution, or under the Excessive Fines Clause in the Eighth Amendment of the Constitution, this Agreement bars a remedy sought in such criminal prosecution or administrative action.  Nothing in this Agreement constitutes an agreement by the United States concerning the characterization of any amounts paid pursuant to this Agreement for purposes of the Internal Revenue laws, Title 26 of the United States Code.

12. In the event that Defendant, Brown, the T&C Family Trust, and/or T&C Transportation default on any terms under this Agreement, they agree to provide full financial disclosures to the

United States, including but not limited to completing a Financial Statement of Debtor. The United States may request, and Defendant, Brown, the T&C Family Trust and T&C Transportation shall provide, any and all documents relating to their financial condition, including, but not limited to, joint or individual (if filing separately) state and federal tax returns and the tax returns for any businesses that Defendant and/or Brown owns, has an interest in, or participates in, including all schedules and attachments; all bank account statements (including copies of deposits and checks), for every bank account to which Defendant, Brown, the T&C Family Trust and/or T&C Transportation have access or in which Defendant, Brown, the T&C Family Trust, and/or T&C Transportation have an interest (including but not limited to personal accounts, joint accounts, and business accounts); and an updated financial affidavit for Defendant, Brown, and/or T&C Transportation, and for any business that Defendant and/or Brown owns, has an interest in, or participates in.

13. Furthermore, if Defendant, Brown, the T&C Family Trust and/or T&C Transportation default on any of their obligations under this Agreement, the United States may take whatever steps it is entitled to take pursuant to law to enforce the obligations of this Agreement and Defendant's criminal judgment, including but not limited to (1) any and all collection action, and (2) the

filing of a civil action for the Covered Conduct. In the event a complaint is filed pursuant to subsection (2) of this paragraph, Defendant, Brown, the T&C Family Trust and T&C Transportation agree not to plead, argue, or otherwise raise any defenses under the theories of statutes of limitations, laches, and estoppel, or similar theories, to the allegations in the complaint, except to the extent such defenses were available to them on the Effective Date of this Agreement. Defendant and T&C Transportation shall pay to the United States all reasonable costs of collection and enforcement of any Defendant and/or T&C Transportation liability under this paragraph, including attorneys' fees and expenses. Brown shall pay to the United States all reasonable cost of collection and enforcement of any Brown liability under the paragraph, including, including attorneys' fees and expenses.

14. Defendant, Brown, the T&C Family Trust, and T&C Transportation warrant that, in evaluating whether to execute this Agreement, they (a) have intended that the mutual promises, covenants, and obligations set forth constitute a contemporaneous exchange for new value given to them, within the meaning of 11 U.S.C. § 547(c)(1); and (b) conclude that these mutual promises, covenants, and obligations do, in fact, constitute such a contemporaneous exchange. Further, Defendant, Brown, the T&C Family Trust, and T&C Transportation warrant that the mutual

promises, covenants, and obligations set forth herein are intended to and do, in fact, represent a reasonably equivalent exchange of value which is not intended to hinder, delay, or defraud any entity to which they became indebted, on or after the date of this transfer, all within the meaning of 11 U.S.C. § 548(a)(1).

15. Defendant, Brown, the T&C Family Trust, and T&C Transportation agree that their obligations under this Agreement may not be avoided pursuant to 11 U.S.C. §§ 547 or 548, and that they will not argue otherwise.  If Defendant's, Brown's, and/or T&C Transportation's obligations under this Agreement are avoided for any reason, including, but not limited to, through the exercise of a trustee's avoidance powers under the Bankruptcy Code, the United States, at its sole option, may rescind the releases in this Agreement, and bring any civil action or proceeding against Defendant, Brown, and/or T&C Transportation for the claims that would otherwise be covered by the releases provided in this Settlement Agreement; and Defendant, Brown, the T&C Family Trust, and T&C Transportation agree that (1) any such claims, actions, or proceedings brought by the United States are not subject to an "automatic stay" pursuant to 11 U.S.C. § 362(a) as a result of the action, case, or proceeding described in this paragraph, and that they will not argue or otherwise contend that the United States' claims, actions, or proceedings are subject to an automatic stay;

(2) that they will not plead, argue, or otherwise raise any defenses under the theories of statutes of limitations, laches, estoppel, or similar theories, to any such civil or administrative claims, actions, or proceedings which are brought by the United States within 180 calendar days of written notification to them that the releases herein have been rescinded pursuant to this paragraph, except to the extent such defenses were available to them on the date of this Agreement; and (3) the United States has a valid claim against them, and the United States may pursue its claim in the case, action, or proceeding referenced in this paragraph, as well as in any other case, action, or proceeding. Defendant, Brown, the T&C Family Trust, and T&C Transportation acknowledge that their agreements in this paragraph are provided in exchange for valuable consideration provided in this Agreement.

16. Defendant, Brown, the T&C Family Trust, and T&C Transportation agree to fully and finally release the United States, its agencies, officers, agents, employees, servants, the Trustee and the Estate, from any and all claims (including attorneys' fees, costs, and expenses of every kind and however denominated) that they have asserted, could have asserted, or may assert in the future against the Trustee or the Estate, and from all such claims against the United States, its agencies, officers, agents, employees, and servants, related to the United States'

efforts to enforce Defendant's criminal judgment and collect Defendant's court-ordered monetary penalties, including but not limited to any and all claims related to the Covered Conduct and the United States' investigation and prosecution thereof and to the Adversary Proceeding.

17. Nothing in this Agreement prevents the United States from pursuing administrative offsets, including by the Internal Revenue Service, and Defendant specifically consents to the offset. Any payments applied as a result of any administrative offset will be credited as a payment to the existing balance owed on the aforementioned criminal judgment. No payments received as a result of administrative offset will offset or be credited to any other obligations in this Agreement.

18. Defendant agrees that this Agreement does not preclude him from participation in the Inmate Financial Responsibility Program, if available. Defendant further agrees that this Agreement does not preclude him from any additional payment schedule as set by the Court, the United States Probation Office, or the United States Attorney's Office.

19. Nothing in this Consent Order is a novation in any manner to reduce or diminish the full legal rights of the United States in the criminal judgment filed in this case or affect the judgment in any manner.

SETTLEMENT AGREEMENT BETWEEN UNITED STATES OF AMERICA,
CHRISTOPHER LEON BROWN, TRACY BROWN, T&C TRANSPORTATION LLC,
HOLMES P. HARDEN, AND T&C FAMILY TRUST.
PAGE 17 of 20

20. This Agreement is based on information obtained from and provided by Defendant, Brown, and T&C Transportation. If the government determines that any of that information is false, misleading, or inaccurate in any way, Defendant, Brown, the T&C Family Trust, and T&C Transportation shall be in default of this Agreement and the United States may pursue any and all remedies as described in paragraphs 12 and 13, above.

21. Each party represents that this Agreement is freely and voluntarily entered into without any degree of duress or compulsion whatsoever, and any person not represented by counsel hereby represents that he/she has been advised that he/she has the right to consult with counsel prior to signing this Agreement.

22. This Agreement is governed by the laws of the United States. The Parties agree that the exclusive jurisdiction and venue for any dispute arising between and among the Parties under this Agreement shall be the United States District Court for the Eastern District of North Carolina.

23. This Agreement constitutes the complete agreement between the Parties. This Agreement may not be amended except by written consent of the Parties.

24. The United States' signatories represent that they are signing this Agreement in their official capacities and that they are authorized to execute this Agreement.

25. This Agreement may be executed in counterparts, each of which constitutes an original and all of which constitute one and the same agreement.

26. This Agreement is binding on Defendant, Brown, and T&C Transportation, and each of their successors, transferees, heirs, and assigns.

27. All Parties agree that the United States may disclose this Agreement, and information about this Agreement, to the public.

28. Defendant and Brown shall promptly notify the United States Attorney's Office, Financial Litigation Unit, 310 New Bern Avenue, Suite 800, Raleigh, NC 27601, if their physical or mailing address changes.

29. The Parties will sign any other reasonable documents necessary to effectuate the terms of this Agreement.

30. This Agreement is not effective unless and until it is approved by the United States Bankruptcy Court for the Eastern District of North Carolina. The Effective Date of this Agreement shall be the date of signature of the last signatory to the Agreement.  Facsimiles of signatures shall constitute acceptable, binding signatures for purposes of this Agreement.

_____     DATE: _____
W. TRAVIS BARKLEY
Attorney for Christopher Leon Brown
Attorney for Tracy Brown


_____     DATE: _____
JAMES N. JORGENSEN
Attorney for Tracy Brown and
T&C Transportation LLC


_____     DATE: _____
HOLMES P. HARDEN
Bankruptcy Trustee


_____     DATE: _____
CHRISTOPHER LEON BROWN
Defendant


_____     DATE: _____
TRACY BROWN


_____     DATE: _____
T&C TRANSPORTATION LLC
By: Tracy Brown


_____     DATE: _____
The T&C Family Trust
By: Minister Tracy Brown

ROBERT J. HIGDON, JR.
United States Attorney


_____        DATE: _____
BY:  Asia J.Prince
     Assistant U.S. Attorney
     Counsel for the United States